**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jacqueline Richardson and Valerie Geaither, on behalf of themselves and a class of similarly situated persons,

Plaintiffs,

v.

Metropolitan State University and Minnesota State Colleges and University System (MnSCU) a/k/a MnSCU f/k/a Minnesota State University System,

Defendants.

Civil No. 00-2295 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Dorothy J. Buhr, Esq., Edwin L. Sisam, Esq., and Tammy P. Friederichs, Esq., Sisam & Watje, 7230 Metro Boulevard, Minneapolis, MN 55439, and Ronald L. Futterman, Esq., Futterman & Howard, 122 South Michigan Avenue, Suite 1850, Chicago, IL 60603, counsel for Plaintiffs.

Gary R. Cunningham, Esq., Office of the Minnesota Attorney General, Suite 1100, 445 Minnesota Street, St. Paul, MN 55101, counsel for Defendants.

---

The above-entitled matter came on for hearing before the undersigned United States District Judge on August 16, 2002, pursuant to Plaintiffs' Motion for Class Certification. Defendants oppose certification of the proposed class.

Based upon the memorandums and submissions of the parties; the Court having reviewed the contents of the files, records, and proceedings herein; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiffs and their expert, Christine Brown Mahoney, are ordered to prepare a brief of no more than ten pages which provides the information and responds to the questions set

SEP 3 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

forth in the memorandum below. Plaintiffs shall serve that brief upon Defendants and file it with the Court by close of business on Friday, September 13, 2002.

2. Defendants and their experts shall have until close of business on Friday, September 20, 2002, to respond to Plaintiffs' brief. Defendants should limit their response to ten pages, maximum.

Dated: September 3, 2002

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Plaintiffs' expert, Christine Brown Mahoney, has provided the Court with a summary of the results of the regression analysis she performed upon salary data for the faculty of Metropolitan State University ("Metro State"). Dr. Mahoney asserts, in her report, that the regression results indicate that gender is a statistically significant determinant of salary for faculty at Metro State.

In Dr. Mahoney's analysis, she included a binary independent variable for gender; the coefficient for this variable was statistically significant. However, Dr. Mahoney also included a term to measure the interaction between gender and possession of a PhD. Although Dr. Mahoney's report does not provide the coefficient or t-value associated with this interaction term, her analysis does suggest that she found that there is an interaction between gender and possession of PhD in determining salary.

The Court assumes, then, that Dr. Mahoney had a sound theoretical reason for expecting, or at least suspecting, that there is a significant interaction between gender and PhD status and

that the results of her analysis bore out her suspicions. Dr. Mahoney notes that PhD status affects salary for women, but not for men. She does not specify, however, whether gender affects salary for women with PhD's but not for those without (or *vice versa*). It may well be that gender affects salary for women with PhD's and women without, but it is equally possible that the significant coefficient for the gender term may be attributed solely to disparity within the ranks of women with PhDs or without.

In either event, Dr. Mahoney's results raise serious issues with respect to the proper definition and scope of a potential class. Moreover, the definition and scope of the potential class may have implications for whether the Plaintiffs meet the numerosity requirement of Rule 23.

The Court requests that Dr. Mahoney provide the actual results of her regression analysis (coefficients and t-values or t-scores for each independent variable, including the interaction terms). Moreover, the Court requests that Dr. Mahoney provide a breakdown of the separate effects of gender on salary for women with PhD's and for women without PhD's and the significance of those separate effects.

Finally, one issue raised by Defendants' expert which is less troubling but still of some concern is Dr. Mahoney's decision to exclude rank from her analysis. In her reply affidavit, Dr. Mahoney provides several theoretical reasons for excluding rank from her analysis–that rank is not part of the salary structure at Metro State and that rank is a "tainted" variable, which allows promotion disparity to mask salary disparity–but, in her report, Dr. Mahoney indicates only one reason for excluding rank: the problem of multicollinearity.

Dr. Mahoney suggests that, because rank covaries with one or more of the other independent variables, its inclusion in the model will bias the coefficients for these other

independent variables and skew the results of the analysis. This is certainly true. However, Dr. Mahoney's decision to remedy the problem by excluding rank is somewhat controversial. First, there are other methods of dealing with multicollinearity which do not compromise the theoretical integrity of the overall model. For example, she could have collapsed one or more covarying variables into a single indicator through use of factor analysis. Or, in the alternative, she could have simply left rank in the model; its inclusion would only affect the coefficients associated with the variables with which it covaried, and, assuming that rank *does not* covary with gender, its inclusion should not affect the only coefficient with which we have any real concern.

Exclusion of rank is, however, one acceptable alternative, assuming that rank does not covary with gender. By excluding rank, some of its impact on the model will be absorbed or captured by the other variables with which it does covary. Again, because we are only interested in the coefficients associated with gender, we do not really care whether the coefficients associated with some of the other variables are biased. However, if gender and rank did significantly covary, and Dr. Mahoney decided, without any further reason, to exclude rank, then there is a real problem.

It would be helpful if Dr. Mahoney could clarify which variables covaried with rank; if gender is one of those variables, provide variance inflation factors (or, more appropriately, the square roots of the VIFs) for all of the covarying independent variables; and explain her reason for excluding rank rather than employing one of the other methods of dealing with multicollinearity. Again, the Court has little doubt that there is a good reason for Dr. Mahoney's decision, but some clarification would be helpful.

D.W.F.